UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. ESPOSITO, JR., D.D.S., On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-10013-DPW |

## MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants Biopure Corporation, Thomas A. Moore, Carl W. Rausch and Ronald F. Richards hereby move for an Order extending the time to answer, move or otherwise respond to Plaintiff's Class Action Complaint.

In support of their Motion, Defendants state as follows:

1. To date, there have been multiple actions filed on behalf of a class asserting substantially the same claims as the above-captioned matter arising under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C.A. § 78u-4.

2. Defendants' counsel has conferred with counsel for Plaintiffs in the filed actions concerning scheduling matters with respect to the appointment of lead plaintiff, the filing of an amended consolidated class action complaint and the filing of a response thereto. To date, the parties have been unable to come to an agreement on these matters.

3. The PSLRA, 15 U.S.C.A. § 78u-4, sets forth specific requirements concerning the appointment of lead plaintiff. Specifically, the PSLRA provides that: (a) the plaintiff(s) shall

LITDOCS:536499.1

publish notice of the pendency of the class action, the claims and class period "not later than 20 days" after the complaint is filed. § 78u-4(1)(3)(A)(i)(I) (2004); (b) "not later than 60 days after the notice is published, any member of the purported class may move the court to serve as lead plaintiff..." § 78u-4(1)(3)(A)(i)(II); (c) the court shall appoint the "most adequate plaintiff" as the lead plaintiff "not later than 90 days after the date on which a notice is published..." § 78u-4(1)(3)(B)(i); and (d) if a motion to consolidate multiple class actions is filed, the court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." § 78u-4(1)(3)(B)(ii).

4. Accordingly, based on the PSLRA requirements for notice, the appointment of lead plaintiff and the consolidation of actions, it would be premature and judicially inefficient for Defendants to respond to Plaintiff's Class Action Complaint at this time.

WHEREFORE, Defendants respectfully request that the Court enter an Order extending the time for Defendants to answer, move or otherwise respond to Plaintiff's Class Action Complaint up to and including March 15, 2004.

BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH and RONALD F. RICHARDS

By their attorneys,

_____
Robert A. Buhlman, BBO #554393
Eunice E. Lee, BBO #639856
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: February 6, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by regular mail on February 6, 2004.

_____
Eunice E. Lee

-2-